IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| CENTRAL UNITED LIFE INSURANCE COMPANY, | ) ) ) | CV 11-31-H-DWM |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| THE ESTATE OF JUDITH KAREN GLEASON AND JAMES J. GLEASON AND JAN G. GREGSON, AS THE PERSONAL REPRESENTATIVES OF THE ESTATE OF JUDITH KAREN GLEASON, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The defendants move the Court to dismiss this case for lack of subject matter jurisdiction. The defendants represent the estate of Judith Gleason, who died of breast cancer. The plaintiff, Central United Insurance Company, filed this declaratory action, seeking a declaratory judgment as to certain questions concerning insurance coverage. The defendants argue the Court does not have subject matter jurisdiction. Their arguments, though, are without merit. Since the parties are familiar with the facts of this case, they are discussed here only as

1

necessary to explain the Court's decision.

## PROCEDURAL BACKGROUND

The underlying question in this case is whether Central United wrongfully denied Ms. Gleason's insurance claim. Central United filed this declaratory action, seeking a judgment that it had no obligation to pay the claim. (Dkt # 1). Not long after Central United filed this action, Ms. Gleason's estate ("the Estate") filed a state court action, alleging breach of contract, unfair claims settlement practices, punitive damages, and negligence. (Dkt # 5-1). The Estate named Central United and Ms. Gleason's employer as defendants, alleging that her employer failed to properly explain the insurance policy to her. The Estate then filed this motion to dismiss on September 14, 2011.

## STANDARD

When ruling on a motion to dismiss, a court may "generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011) (citations and internal quotation marks omitted). Courts must accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party. Id. But a court need not accept as true conclusory allegations that are contradicted by

documents referred to in the complaint. Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)).

## ANALYSIS

The Estate's motion to dismiss fails. The Estate argues the Court does not have diversity jurisdiction over this case, but it provides no reasonable basis for its argument. As an initial matter, the Estate does not dispute the fact that complete diversity exists between the named parties. The Estate's argument is incomprehensible, but the Estate seems to say that the Court does not have jurisdiction because: (1) Central United would not be able to prove that the Estate fraudulently joined a party, (2) the Estate could file a third-party complaint against a non-diverse party and then successfully move this Court to remand, (3) there is a parallel proceeding in state court, (4) Central United did not remove that case to this Court, and (5) the Court would have to apply state law when addressing the merits. Each of these rationales is either irrelevant, meritless, or both.

First, the Estate discusses the law governing fraudulent joinder, but it fails to explain how fraudulent joinder is relevant to its jurisdictional claim. Central United has never alleged fraudulent joinder and has not attempted to remove the state case to this Court. C. United's Response Br. 10 (dkt # 8).

The only way in which the issue of fraudulent joinder might become

relevant is if the Estate attempts to join a non-diverse party in this action in order to defeat the Court's diversity jurisdiction. See 28 U.S.C. § 1359.[1] If the Estate does so, then it expects that Central United would make a fraudulent-joinder argument in opposition to the Estate's motion to remand.

Indeed, the Estate threatens to file a third-party complaint against a non-diverse party (i.e., Ms. Gleason's employer), and it argues that doing so would divest the Court of diversity jurisdiction: "The Gleason estate could file an Answer before this court with a third party claim against [Ms. Gleason's employer] and then move to remand . . . ." Estate's Opening Br. 17. That argument fails for at least two reasons.

First, this case was not removed, so it could not be remanded, as the Estate seems to believe. Instead, assuming the Court would not have subject matter jurisdiction by virtue of the third-party complaint, the Court would simply dismiss the case.

Second, the Estate's threat to file a third-party complaint against a non-diverse party—or actual filing of the complaint, for that matter—does not defeat

---

[1] 28 U.S.C. § 1359 provides: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

this Court's diversity jurisdiction. As long as complete diversity existed at the time of filing, a subsequent change in citizenship of the parties will not divest a court of diversity jurisdiction: "Jurisdiction once acquired on that ground is not divested by a subsequent change in the citizenship of the parties. Much less is such jurisdiction defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties." Wichita R. & Light Co. v. Pub. Utils. Commn. of the St. of Kans., 260 U.S. 48, 54 (1922) (citations omitted); accord Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 570 (2004) ("This time-of-filing rule is hornbook law (quite literally)." (footnote omitted)); Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." (citations omitted)); Mattel, Inc. v. Bryant, 446 F.3d 1011, 1013 (9th Cir. 2006).

  As to the Estate's other arguments, the mere existence of a parallel state proceeding has no bearing on this Court's jurisdiction. See Negrete v. Allianz Life Ins. Co. of N. Am., 523 F.3d 1091, 1101–1102 (9th Cir. 2008); Crater v. Galaz, 508 F.3d 1261 (9th Cir. 2007); Dependable Hwy. Express, Inc. v. Navigators Ins. Co.. 498 F.3d 1059 (9th Cir. 2007); AmerisourceBergen Corp. v. Roden, 495 F.3d

1143 (9th Cir. 2007). In very limited circumstances, a federal court may dismiss an action in light of a parallel state court proceeding, but those circumstances are not evident here. See, e.g., Moses H. Cone Meml. Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983); Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976) (noting that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."); but see Wilton v. Seven Falls Co., 515 U.S. 277 (1995) (holding that district courts have discretion to stay a federal declaratory judgment action in light of parallel state court proceedings).

The Estate argues this action should be dismissed because "the Court would apply state law and would have to guess at how the courts of Montana would handle the issue." Estate's Opening Br. 18 (dkt # 5). It is not unusual for this Court to apply Montana law in a diversity case, and the fact that it might have to do so here does not strip the Court of subject matter jurisdiction. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

In short, while the Court has discretion to stay this action, see Wilton, 515 U.S. 277, it will not be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons above, IT IS ORDERED that the defendants' motion to dismiss (dkt # 4) is DENIED. The Clerk of Court is directed to notify the parties of

the entry of this order.

    Dated this 13th day of October 2011.

                                      DONALD W. MOLLOY, DISTRICT JUDGE
                                      UNITED STATES DISTRICT COURT