IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| CENTRAL UNITED LIFE INSURANCE COMPANY, | ) ) | CV 11-31-H-DWM |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| THE ESTATE OF JUDITH KAREN GLEASON AND JAMES J. GLEASON AND JAN. G. GLEASON, AS THE PERSONAL REPRESENTATIVES OF THE ESTATE OF JUDITH KAREN GLEASON | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

The defendants move the Court to dismiss this case under the Declaratory Judgment Act and other abstention doctrine. (Dkt # 15). The defendants represent the estate of Judith Gleason, who died of breast cancer. The plaintiff, Central United Insurance Company, filed this action seeking a declaratory judgment as to certain questions concerning Ms. Gleason's insurance coverage. The Court grants the defendants' motion. Since the parties are familiar with the facts of this case, they are discussed here only as necessary to explain the Court's decision.

## PROCEDURAL BACKGROUND

The underlying question in this case is whether Central United wrongfully denied Ms. Gleason's insurance claim. Central United filed this declaratory action seeking a judgment that it had no obligation to pay further benefits under the claim. (Dkt # 1). Not long after Central United filed this action, Judith's estate ("the Estate") filed a state court action, alleging breach of contract, unfair claims settlement practices, punitive damages, and negligence. (Dkt # 5-1). The Estate named Central United and Judith's employer as defendants, alleging that her employer failed to properly explain the insurance policy to her. The defendants then filed a motion to dismiss in this Court for lack of subject matter jurisdiction. (Dkt # 4). This Court denied that motion, determining that it had diversity jurisdiction over the case. (Dkt # 14). The Estate then filed a second motion to dismiss on October 17, 2011. (Dkt # 15).

## STANDARD

When ruling on a motion to dismiss, a court may "generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011) (citations and internal quotation marks omitted). Courts must accept factual allegations in the complaint as true and

construe the pleadings in the light most favorable to the nonmoving party. Id. But a court need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint. Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)).

## ANALYSIS

The Estate brings its motion to dismiss under two legal theories: lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and the right of a federal district court to decline to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Estate fails to show that this court lacks subject matter jurisdiction under Rule 12(b)(1), and it even concedes the Court has jurisdiction when making its Declaratory Judgment Act argument. Thus, dismissal of the case turns on the Court's analysis under the Declaratory Judgment Act.[1]

Federal Courts are not required to exercise jurisdiction over declaratory judgment actions: federal courts "may declare the rights and other legal relations of any interested party" in a declaratory judgment action. 28 U.S.C. § 2201(a) (emphasis added). Based on that permissive language, the Supreme Court held in

---

[1] The Court does not need to address the First-to-File Doctrine, as both parties agree that it does not apply here.

Brillhart that a district court has discretion to dismiss a federal declaratory judgment action when "the questions in controversy . . . can better be settled in" a pending state court proceeding. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942). In Wilton v. Seven Falls Co., the Court reaffirmed that principle, holding that a district court may dismiss a declaratory judgment action when state court proceedings "present . . . opportunity for ventilation of the same state law issues." 515 U.S. 277, 290 (1995).

Both the Ninth Circuit and this Court have applied the Wilton/Brillhart doctrine in a number of cases. See,e.g., R.R. St. & Co., Inc., 656 F.3d 966, 975 (9th Cir. 2011); see also Govt. Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998); Gonzales v. Natl. Union Fire Ins. of Pittsburgh, Pa., 2011 WL 4899905 (D. Mont. July 29, 2011); Great Am. Assurance Co. v. Discover Prop. & Cas. Ins. Co., 779 F. Supp. 2d 1158 (D. Mont. 2011).

When courts apply the Wilton/Brillhart doctrine to determine whether they should abstain in a declaratory judgment action, they consider three factors: (1) avoiding "needless determination of state law issues," (2) discouraging "forum shopping," and (3) avoiding "duplicative litigation." R.R. St. & Co., 656 F.3d at 975; Dizol, 133 F.3d at 1225.

The Ninth Circuit has explained that "[i]f there are parallel state

-4-

proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." Dizol, 133 F.3d at 1225. The pendency of a state court action does not necessarily require a district court to dismiss a declaratory action, but "[F]ederal courts should generally decline to entertain reactive declaratory actions." Id. This language might appear to suggest that if a declaratory action is filed before the state court proceeding—and is therefore not "reactive"—then the Wilton/Brillhart doctrine would not apply. But that is not the case. The Ninth Circuit has noted: "Timing is only one consideration when deciding whether to entertain a declaratory judgment action, and the Wilton/Brillhart factors sometimes compel a court to decline to entertain an earlier-filed action in favor a later-filed action." R.R. Street & Co., 656 F.3d at 976 (citing Wilton, 515 U.S. at 280–82 (affirming dismissal of a federal action in light of a later-filed state action)).

As this Court has previously recognized, in an insurance case where the Court's only basis for jurisdiction is diversity, the Wilton/Brillhart factors weigh heavily in favor of dismissing the action. Great Am. Assurance Co., 779 F. Supp. 2d at 1163 ("[J]urisdiction is found not warranted in the general run of insurance coverages cases. Where there is a parallel state court proceeding pending, courts

should generally abstain from exercising jurisdiction." (citations and internal quotation marks omitted)); Contl. Cas. Co., 947 F.2d at 1371 ("Where . . . the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir. Thus, the [Wilton/]Brillhart policy of avoiding unnecessary declarations of state law is especially strong . . . ."); accord Gonzales, 2011 WL 4899905 at *4.

The first and third of the Wilton/Brillhart factors are particularly relevant here. First, "[I]nsurance coverage questions . . . are strictly the province of state law." Great Am. Assurance Co., 779 F. Supp. 2d at 1163. There are no federal questions at issue in this action and no "compelling federal interest." See Transamerica Occidental Life Ins. Co. v. Digregorio, 811 F.2d 1249, 1255 (9th Cir. 1987). This action would therefore require the Court to make a "needless determination of state law." See Contl. Cas. Co., 947 F.2d at 1371. This factor alone is enough to support dismissal. R.R. Street & Co., 656 F.3d at 975. Moreover, under the third factor, this action is entirely duplicative of the state court proceeding. See (dkt # 1, 5-1). Both actions present precisely the same issues and the same basic question—did Central United wrongfully deny benefits? Thus, factors one and three counsel in favor of dismissing this action.

The second factor—discouraging forum shopping—is not as evident here, but that does not imply the Court should retain jurisdiction. The fact that Central

United filed its declaratory action before the Estate filed its state-court action might suggest that Central United's lawsuit was not "reactive," but that fact is of little moment (particularly in light of the first and third factors). Furthermore, the Ninth Circuit and the Supreme Court have both recognized that a federal action may be dismissed in light of a later-filed state court action. R.R. Street & Co., 656 F.3d at 976 (citing Wilton, 515 U.S. at 280–82).

In short, while the Court has discretion to hear this action, it is dismissed under the Declaratory Judgment Act as articulated by the Wilton/Brillhart doctrine.[2]

## CONCLUSION

For the reasons above, IT IS ORDERED that the defendant's motion to dismiss (dkt # 15) is GRANTED. The Clerk of Court is directed to notify the parties of the entry of this order.

Dated this 15th day of December 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

---

[2] Therefore, the Court need not address the parties' abstention arguments under Younger, Buford, or Thibodaux.